The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857
Dear Senator Ross:
This is in response to your request for an opinion on two separate matters involving Clark County. Your first two questions, concerning the administrator of the county nursing home, are as follows:
 1. Clark County recently sold Hospitality Care Center Nursing Home. No employment contract was entered into with the administrator of the nursing home since 1989. Only in the minutes of the board of directors meetings was mentioned the employment of the administrator and that was conditional on the sale of the nursing home. With this in mind, would the sale of the county owned nursing home, in itself, be cause for terminating the administrator's employment?
 2. Since a written employment contract was not entered into, would the mention of continued employment in the minutes of the board of directors extend the administrator's time of employment and be legally binding?
The second area of inquiry involves assigning space in the county courthouse. Your specific question in this regard is as follows:
 Is it legal, in view of the County Judge's authority to assign space in the courthouse, to assign a staff member of the Judge's office, who is the secretariat of the Quorum Court, to another room in the courthouse?
Your first two questions cannot be answered in an opinion from this office because they require a factual determination. I lack the resources and the authority to act as a factfinder. Whether the parties intended to enter into an employment contract, and questions surrounding the specific terms of any such contract, are issues that are properly submitted to the county's local counsel for review and determination based upon all of the surrounding facts and circumstances.
It is my opinion that the answer to your question concerning office space for the Quorum Court secretariat is, generally, "yes." I believe that relocation of office space for that employee would generally fall within the County Judge's authority. I assume that the Quorum Court has provided for the employment of a "secretariat of the court" and that the employee so designated is a staff member of the County Judge, as specified by ordinance in accordance with A.C.A. § 14-14-902(a)(2) (1987). Although there is no state statute addressing this precise matter, it is my opinion that the County Judge's power to assign use of county property (A.C.A. § 14-14-1102(b)(3) (1987)) generally signifies the County Judge's authority in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh